LEONOR SABATER, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent, INDUSTRIAL COMMISSION OF PUERTO RICO, Appellant.

No. 7636. Argued December 13, 1937.—Decided February 18, 1938.

*M. León Parra* for appellant. *Virgilio Brunet,* for petitioner and appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an appeal from a judgment of one of the judges of this Supreme Court acting in vacation. The appellee has moved for its dismissal 1st, because the Industrial Commission has no legal right to appeal; 2d, because the appeal was taken out of term, and 3d, because it is frivolous.

From the record it appears that on May 20, 1937, the Industrial Commission decided that Leonor Sabater, mother of a workman, Jesús Sabater, who was killed on June 14, 1935, by electrocution while working on some electric lines belonging to his employer the Ponce Electric Company, and Jesús Sabater or Padilla, his posthumous child, were his beneficiaries and thus that the compensation of $2,280 should be equally divided between them.

Feeling aggrieved, Leonor Sabater took an appeal to the District Court of Ponce on June 3, 1937, entitling her petition: "Leonor Sabater, appellant, Industrial Commission of Puerto Rico constituted by its members, Hon. Manuel León Parra, Hon. Juan M. Herrero, Hon. Francisco Paz Granela, respondent."

After notifying the commission and the other beneficiary, and an order to remit the original record having been entered, a hearing was held, and the court finally decided the case by judgment of August 24, 1937, affirming the decision of the commission.

It was then that Leonor Sabater went to the Supreme Court and, on September 23, 1937, filed a petition for certiorari before the judge acting in vacation as the court was then in recess.

The acting judge ordered the issuance of the writ and set the hearing for the 4th of October 1937, "requiring the

petitioner to comply with the provisions of Section 69 of the rules of this court.''

The hearing was duly held on the day set with the sole appearance of petitioner's attorney. Documentary evidence tending to show notice to the insurance company and to the mother of the minor beneficiary was added to the record. There is no evidence that the Industrial Commission was notified.

On October 5, the petitioner filed a memorandum in support of her petition and on the 16th, the acting judge rendered judgment holding that the posthumous child was not a beneficiary under the law, annulling the judgment of the District Court of Ponce, in so far as it included such a child as beneficiary and returning the case to that court for further proceedings not inconsistent with his judgment.

This judgment was notified to the district court, and the record returned thereto, on October 26, 1937, and on the following November 4, the Industrial Commission through its president appealed from the same to the full court. There is no evidence that the commission was notified of the judgment.

■ Upon these facts, is it possible to dismiss the appeal? Section 9 of the Act establishing the terms of the sessions of the Supreme Court of Puerto Rico approved on March 1, 1902, as amended by Act No. 59 of 1931 .(Laws, p. 404) provides that the decisions of the acting judge in vacation shall be subject to review by the court ''whenever so requested by the interested party within the ten days following notice of such decisions.''

Is the Industrial Commission .an interested party within the certiorari proceeding filed before the judge in vacation, and has it the right to apply for a review of the judgment rendered therein? Let us see.

As we know, that proceeding was established to annul the jugdment rendered by the District Court of Ponce in the appeal taken by the petitioner against the Industrial Commis-

sion. The real party defendant in the certiorari was the district court which should have been, and was notified, but in such cases Rule 69 of this Court, prescribes that the petition shall furthermore show "the name or names of the real party in interest, or whose interest would be directly affected by the proceedings, and in such case it shall be the duty of the applicant obtaining the order to serve or cause to be served upon such party or parties in interest, a certified copy of the affidavit and writ issued thereon, in the same manner as upon the defendant named in the affidavit, and to produce and file in the office of the clerk of this Court the same evidence of service." 17 P.R.R. LXXVIII.

The petitioner satisfied the above requirement in so far as the minor child was concerned but not as to the commission, whose decision she sought to have reviewed by the district court.

It has been held that "the court, in deciding who are proper parties to a writ of certiorari, is governed by the parties as designated by the original record." *Fitch* v. *Board of Auditors,* 133 Mich. 178; 94 N.W. 952. Referring to public organizations, Corpus Juris sums up the authorities on the matter as follows: "In a proceeding to review, the county, or other public corporation whose action is complained of, must be made a defendant." 11 C.J. 143.

Considering that jurisprudence, the rule of this Court, and the real state of facts, we are of the opinion that it must be decided that the Industrial Commission should be considered an interested party to the certiorari proceeding, with the right to apply for a review of the decision of the judge acting in vacation by the full court. The Commission was the defendant in the appeal before the district court wherein the judgment was rendered which was annulled by the certiorari, and has as much if not more interest than the district court in the final decision of the question in issue, which in part will determine its jurisdiction not only in this specific case but in others of a similar nature.

■ Having arrived at this conclusion, it must likewise be concluded that the appeal was timely inasmuch as the term of ten days fixed by law is to be counted from the date of serving the notice and the commission was never notified.

As to the third ground for dismissal, all we need to say is that a study of the record has not convinced us that the appeal is clearly frivolous.

For the above reasons the motion should be denied and, given the urgency of the case and the fact that the appeal is ready for a hearing on the merits, the same should be set for the first open date in the following months of April.

Mr. Justice Wolf and Mr. Justice Córdova Dávila took no part in the decision of this case.